UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONNIE LIONEL HARRIS,

        Petitioner,

   v.

UNITED STATES,

        Respondent.

Civil Action No. 15-2170 (RDM)

## MEMORANDUM OPINION AND ORDER

Petitioner Ronnie Harris, proceeding *pro se*, brought a petition for habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he was actually innocent of his Maryland state conviction, as well as claims of "[r]etaliatory prosecution," "[a]ctual conflict of interest of defense counsel," and "[p]unishment [p]rior [t]o [c]onviction." Dkt. 1 at 4. This Court dismissed the petition for want of jurisdiction. *See* Mem. Op. and Order, Dkt. 3. Petitioner then appealed that dismissal. *See* Dkt. 5. On March 3, 2016, the D.C. Circuit issued an order holding the appeal in abeyance and referring to this Court the question of whether a certificate of appealability ("COA") is warranted. *See* Dkt. 7 (*Harris v. United States of America*, No. 16-5049 (D.C. Cir. Mar. 3, 2016)).

A COA is warranted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Upon issuing a COA, the district court must specify which issues in the petition satisfy that standard. *See United States v. Weaver*, 195 F.3d 52, 53 (D.C. Cir. 1999). When, as here, a habeas petition is dismissed solely on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Where, however, "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted." *Id*.

This case presents no issue warranting a certificate of appeal.  Petitioner is held in West Virginia and challenging his conviction in Maryland state court.  As the D.C. Circuit has explained, "in habeas cases involving 'present physical confinement, jurisdiction lies in only one district: the district of confinement.'" *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)).  Even setting aside the fact that Petitioner filed the instant petition in the wrong jurisdiction, he would also be precluded from advancing this case because he has brought another petition raising the same claims before another judge in this district.  *Compare* Dkt. 1 at 5, *with Harris v. United States*, No. 15-1425 (KBJ), ECF No. 1 at 6.  That petition, like this one, was dismissed on the grounds that it was brought in the wrong jurisdiction, *see Harris v. United States*, No. 15-1425, 2015 WL 8664189 (D.D.C. Dec. 11, 2015), and that judge also declined to issue a certificate of appealability, *see Harris v. United States*, No. 15-1425, ECF No. 12 (D.D.C. March 9, 2016).

Because "a reasonable jurist could not conclude" that the Court "erred in dismissing the petition . . . , no appeal [is] warranted," *Slack*, 529 U.S. at 484, and because Petitioner remains free to refile his petition in the proper jurisdiction, his request for a certificate of appealability is, accordingly, **DENIED**.

**SO ORDERED.**

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  March 9, 2016